UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOSEPH E. THURSTON, and ARLENE D. THURSTON,

    Plaintiffs,

v.

HSBC BANK USA, N.A., as indentured trustee for FBR SECURITIZATION TRUST 2005-3, and CALLABLE MORTGAGE BACKED NOTES 2005-3; WELLS FARGO HOME MORTGAGE; AMERICAS SERVICING CORPORATION; and NATIONAL DEFAULT SERVICING CORPORATION,

    Defendants.

3:16-cv-0246-LRH-VPC

ORDER

    Before the court is plaintiffs Joseph E. Thurston and Arlene D. Thurston's ("the Thurstons") motion for a preliminary injunction. ECF No. 1, Exhibit 1, p. 18-21. Defendants HSBC Bank, N.A.; Wells Fargo Bank, N.A. (incorrectly named as Wells Fargo Home Mortgage); and America's Servicing Company (incorrectly named as America's Servicing Corporation) (collectively "defendants") filed an opposition to the motion (ECF No. 4) to which the Thurstons' replied (ECF No. 8).

**I.    Facts and Procedural History**

    This is an alleged wrongful foreclosure action. The Thurstons have been in default on their

home mortgage since August 2007. In late 2007, defendants initiated non-judicial foreclosure proceedings against the Thurstons by filing a notice of default. However, no action was taken to sell the underlying property until April 2016, when defendants set a final Trustee's Sale for April 13, 2016.

Prior to the Trustee's Sale, the Thurstons sent defendants an application for a short sale dated March 24, 2016. Defendants allegedly did not respond to the short sale application. Subsequently, on April 12, 2016, the day before the scheduled Trustee's Sale, the Thurstons filed a complaint in state court against defendants alleging a single cause of action for a violation of Nevada Revised Statutes § 107.530. ECF No. 1, Exhibit 1, p. 22-29. Along with their complaint, the Thurstons' filed an ex-parte motion for a temporary restraining order seeking to enjoin defendants from conducting the Trustee's Sale (ECF No. 1, Exhibit 1, p. 11-17) and the present motion for a preliminary injunction seeking to enjoin defendants from conducting the Trustee's Sale and from evicting them from the property (ECF No. 1, Exhibit 1, p. 18-21).

On April 13, 2016, the Trustee's Sale was held on the subject property and the property was purchased at auction by defendant HSBC Bank USA, N.A. ECF No. 8, Exhibit 2, p. 13-15. On April 19, 2016, after the Trustee's Sale had already taken place, defendants were served with the complaint. *See* ECF No. 4, p. 4. Then, on April 26, 2016, almost two weeks after the Trustee's Sale, the state court denied the ex-parte motion for a temporary restraining order finding that the Thurstons had not met the heightened burden for ex-parte relief. *See* ECF No. 4, Exhibit 3, p. 17-19. Subsequently, while the present motion for a preliminary injunction was still pending before the state court, defendants removed this action to federal court on the basis of diversity jurisdiction. ECF No. 1.

**II.   Discussion**

Initially, the court notes that pursuant to Local Rule 81-1, the present motion for a preliminary injunction was automatically denied without prejudice upon defendants' removal of

2

this action to federal court. *See* LR 81-1 ("All pending motions and other requests directed to the state court are automatically denied without prejudice upon removal, and they may be refiled in this court. Motions refiled in this court must include citation to all relevant federal law and must be revised as necessary to comply with the court's rules."). However, as this motion is already fully briefed by the parties, the court shall exercise its discretion in this matter, and address the Thurstons' motion for a preliminary injunction on the merits, rather than require the parties to refile renewed pleadings.

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. (*citing Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). A court may only grant a preliminary injunction upon a showing that: (1) the petitioner is likely to succeed on the merits of his complaint; (2) irreparable harm will result in the absence of an injunction; (3) the balance of equities favors an injunction; and (4) an injunction is in the public's interest. *Winters v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008) (citations omitted); *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).

Here, the Thurstons' request for a preliminary injunction to stop the Trustee's Sale is moot. The underlying property was already sold at a Trustee's Sale on April 13, 2016. ECF No. 8, Exhibit 2, p. 13-15. Thus, there is no action for the court to enjoin as it relates to the Trustee's Sale. Accordingly, the court shall deny the Thurstons' motion as to this request.

As to the Thurstons' request for a preliminary injunction to enjoin defendants from evicting them from the property, the court finds that the Thurstons are not entitled to a preliminary injunction. The court has reviewed the Thurstons' motion and the pleadings on file in this matter and finds that the Thurstons have failed to establish that they are likely to succeed on the merits of their complaint. In their complaint, the Thurstons allege a single cause of action for a violation of NRS § 107.530 claiming that defendants violated the statute by holding a Trustee's Sale without

first addressing the Thurstons' short sale application. *See* ECF No. 1, Exhibit 1, p. 22-29. However, the Thurstons fail to allege that their short sale application was timely sent to defendants before the Trustee's Sale in accordance with federal guidelines thereby allowing defendants to properly consider the application. Absent such allegations, the court cannot find that the Thurstons are likely to succeed on the merits of their complaint.

Further, it is undisputed that the Thurstons have been in default on their mortgage loan since August 2007, yet took no affirmative action in seeking a short sale until right before the Trustee's Sale. Moreover, the Thurstons have been living in the home without making payments for almost nine (9) years. As such, the court finds that the equities in this action favor defendants who were properly enforcing their rights under the mortgage note and deed of trust in seeking a non-judicial foreclosure of the property. Therefore, the court finds that the Thurstons are not entitled to a preliminary injunction and shall deny this motion accordingly.

IT IS THEREFORE ORDERED that plaintiffs' motion for a preliminary injunction (ECF No. 1, Exhibit 1, p. 18-21) is DENIED on the merits.

IT IS SO ORDERED.

DATED this 19th day of May, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE